```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ANDREW KENNEDY, | : | CIVIL NO. **3:03-CV-1366** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ,<br>M. V. PUGH,<br>RONALD A. LAINO,<br>UNITED STATES OF AMERICA,<br>and "UNKNOWN STAFF," | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint on August 13, 2003. The complaint names as defendants Jake Mendez, the former Warden of the United States Penitentiary at Allenwood (USP-Allenwood); M.V. Pugh, the current Warden of USP-Allenwood; Ronald A. Laino, Health Services Administrator at USP-Allenwood; and the United States of America. The plaintiff also names as defendants "unknown staff."

The complaint contains both *Bivens*[1] claims and claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.* The plaintiff's claims relate to the medical care that he has been provided. The plaintiff claims that he has not been

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

provided with appropriate treatment for his abdominal, anal and knee pain.  He alleges that the prison staff have failed to provide the treatments prescribed by his doctor and that staff have not provided the six months of INH (Isoniazid or Isonicotinic acid hydrazid) prophylaxis recommended by his doctor on the basis of the plaintiff's positive PPD (purified protein derivative) test.

By Order of October 7, 2004, the court dismissed all *Bivens* claims against the defendants in their official capacities and dismissed the plaintiff's Federal Tort Claims Act claims concerning his knee injuries and his positive PPD statue.  The action was stayed by that Order pending the plaintiff's exhaustion of administrative remedies.  By Order of November 1, 2004, the stay was terminated and the case reopened and remanded to the magistrate judge.

The defendants filed a motion for summary judgment on December 10, 2004.  Doc. 62.  They argue that it is not in dispute that there is not evidence of personal involvement on the part of any defendant in health care decisions and actions affecting the plaintiff and that they are entitled to a judgment as a matter of law therefore on the plaintiff's *Bivens* claims.  They also argue that the factual record for summary judgment purposes does not support a reasonable finding of deliberate indifference on the part of any

2

defendant to a serious medical condition of the plaintiff and that the record is one of "mere disagreements over medical judgment."  They argue that summary judgment should be granted as to the plaintiff's Federal Tort Claims Act claims on the basis of the undisputed summary judgment facts which demonstrate, they contend, a medical treatment history from which no reasonable finder of fact could infer negligence on the part of any defendant.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must

"set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson*, *supra*, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v.*

4

*CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

Local Rule 56.1, Rules of Court, M.D. Pa., provides:

> Upon any motion for summary judgment pursuant to Fed.R.Civ.P. 56, there shall be filed with the motion a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
> Statements of material facts in support, or in opposition to, a motion shall include references to the parts of the record that support the statements.
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

An application here of the *Celotex* post-discovery summary judgment standard, and of the LR 56.1 standard, justifies the defendants' motion for summary judgment. The court looks initially to the parties' LR 56.1 statements (Docs. 64, 89) in conducting the summary judgment analysis. If genuine disputes of material facts are indicated upon a comparison of the LR 56.1 statements, the court looks to the underlying cited evidentiary materials.

5

Defendants Mendez, Pugh and Liano are all entitled to summary judgment in their favor as to the plaintiff's Federal Tort Claims Act claims. The United States is the only person or entity that may be sued as a defendant in a Federal Tort Claims Act civil action. A claim alleging personal injury suffered as the result of negligent conduct on the part of an officer or employee of the United States acting within the scope of his or her employment must be brought against the United States as the defendant under the Federal Tort Claims Act. 28 U.S.C. §§ 1346, 2674; *U.S. v. Muniz*, 374 U.S. 150 (1963), *Schrob v. Catterson*, 967 F.2d 929 (3d Cir. 1992).

Defendants Mendez, Pugh and Liano argue that each of them is entitled to summary judgment as to the plaintiff's *Bivens* claims against them in their individual capacities because there is not a basis in the summary judgment evidence to support a reasonable finding that any defendant was personally involved in a violation of the plaintiff's federally protected right to be free from deliberate indifference to a serious medical need of his as a federal prisoner. Defendant United States argues that it is entitled to summary judgment as to the plaintiff's negligence claim because, it asserts, there is not evidence to support a reasonable inference of negligence on the part of a United States employee.

6

The defendants' statement of material facts (Doc. 64) demonstrates continuous and extensive treatment of serious medical needs of the plaintiff from December 2, 1996 to April of 2003, including outside hospitalizations.  Doc. 64, Statement of Facts, ¶¶ 1-62.  The plaintiff's LR 56.1 statement (Doc. 89) states six factual issues, states no factual assertions and contains no evidentiary references.

The plaintiff asserts in his brief opposing summary judgment that there is evidence of deliberate and knowing delays in providing medical treatment to him.  Specifically, he asserts that there was unreasonable delay in getting him to a hospital when he suffered a ruptured appendix.

The undisputed facts are that plaintiff Kennedy was admitted to the Williamsport Hospital on April 3, 1999 for complaints of abdominal pain, nausea and vomiting.  The hospital staff implemented conservative treatment until when, on April 12, 1999, the plaintiff had failed to improve, an exploratory abdominal surgical procedure was conducted and a chronic small bowel obstruction and a ruptured appendix were found.  Statement of Facts, Doc. 64, ¶¶ 4-7.

It can not reasonably be found on the basis of the summary judgment evidence that there was a deliberately indifferent or a negligent delay on the part of any defendant

7

or other federal employee in addressing the plaintiff's ruptured appendix when the outside hospital delayed invasive surgery for nine days, especially in light of the fact that the surgery then performed was exploratory and the fact that in the absence of the surgery the plaintiff's conditions had not been diagnosed by the Hospital's medical staff.

The undisputed facts also do not provide a basis for an inference that there has been deliberate indifference or negligence on the part of any of the medical personnel of the United States or any defendant in diagnosing or in treating the plaintiff's symptoms of anal pain, knee pain and other knee symptoms and consequences of a positive PPD test.

No impairment or medical condition requiring treatment has been diagnosed as to his knee, and no showing of procedures indicated but not undertaken is presented. Doc. 64, Nos. 21-35; Doc. 89.

The plaintiff's anal pain has been related to both external and internal hemorrhoids and an anal fissure. Surgery was performed in a community hospital on March 26, 2003, a fissurectomy and a left lateral sphincterectomy. Complete healing had been achieved, it was reported, on April 14, 2003. Later complaints were addressed by prescription medication and a December 22, 2003 colonoscopy,

8

and no evidence of pathology was found.   Doc. 64, Nos. 36-48; Doc. 89.

The positive PPD test has led to annual chest radiographs for plaintiff Kennedy, and these have been negative.  Plaintiff Kennedy has refused INH prophylaxis. Doc. 64, Nos. 60-62; Doc. 89.

There is not evidence, after the completion of discovery, presented in the form of summary judgment evidence that demonstrates that the plaintiff can show to a reasonable fact finder by a preponderance of the evidence that there was deliberate indifference or negligence on the part of the institution's medical staff.

For the foregoing reasons, it is recommended that the defendants' motion for summary judgment be granted and that the Clerk be directed to close the file.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   May 4, 2005