**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW KENNEDY, | |
| Plaintiff, | CIVIL ACTION NO. 3:03-CV-1366 |
| v. | (JUDGE CAPUTO) |
| JAKE MENDEZ, M. V. PUGH, RONALD A. LAINO, and the UNITED STATES OF AMERICA, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 94), and Plaintiff's Objections to Report and Recommendation Dated May 04, 2005 (Doc. 95). For the reasons set forth below, Plaintiff's Objections to the Magistrate's Report and Recommendation will be overruled, and the Court will adopt the Report and Recommendation. As such, Defendants' Motion for Summary Judgment (Doc. 62) will be granted.

## BACKGROUND

On August 13, 2003, Plaintiff, an inmate at United States Penitentiary at Allenwood (hereinafter USP-Allenwood) filed the present action. The Complaint raised claims under the Federal Tort Claims Act (hereinafter FTCA), 20 U.S.C. § 26714, *et seq.*, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*. 403 U.S. 388 (1971). Plaintiff claims that while incarcerated at USP-Allenwood he has not received proper medical treatment for abdominal pain, anal pain, knee pain, and a

1

positive purified protein derivative (PPD) test.[1]

On November 17, 2003, Defendants filed Defendants' Motion to Dismiss and for Summary Judgment. Magistrate Judge Smyser issued a Report and Recommendation to the Court on January 15, 2004, containing six recommendations: (1) dismiss the constitutional claims against the United States, (2) dismiss the *Bivens* claims against the United States; (3) dismiss the *Bivens* claims against the individual Defendants in their official capacities; (4) dismiss the *Bivens* claims regarding Plaintiff's knee for failure to exhaust administrative remedies; (5) dismiss the FTCA claims regarding Plaintiff's knee injury and positive PPD status for failure to exhaust administrative remedies; and (6) deny the remainder of the motion. (Doc. 30.) Plaintiff raised a single objection to the recommendations, requesting that the Court stay the action instead of dismissing the *Bivens* claims regarding Plaintiff's knee. (Doc. 31.) On October 7, 2004, the action was stayed by Order of the Court pending Plaintiff's exhaustion of his administrative remedies and the remainder of Magistrate Judge Smyser's Report and Recommendation was adopted. (Doc. 53.) On November 1, 2004, the stay was terminated and the case reopened and remanded to Magistrate Judge Smyser. (Doc. 59.)

Defendants then filed a Motion for Summary Judgment on December 10, 2004. (Doc. 62.) Magistrate Judge Smyser issued a Report and Recommendation to the Court on May 4, 2005, recommending that the Court grant Defendants' summary judgment motion. Plaintiff filed an objection to the Report and Recommendation on May 17, 2005. (Doc. 95.) This matter is ripe for disposition.

---

[1] The PPD test is a screening technique for tuberculosis.

**LEGAL STANDARD**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**DISCUSSION**

**1.   Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable

substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in

the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**2.    *Bivens* Claims**

Plaintiff asserts that Magistrate Judge Smyser erred in granting Defendants' motion for summary judgment with regard to Plaintiffs' *Bivens* claims concerning his appendix injury. Defendants argue that they are entitled to summary judgment as to Plaintiff's *Bivens* claims because there is no evidence to support a finding that they violated Plaintiff's right to be free from deliberate indifference to his serious medical needs. I agree.

**a.    Deliberate Indifference**

The Eighth Amendment proscribes deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). However, only "unnecessary and wanton infliction of pain" or a "deliberate indifference to the serious medical needs" of prisoners are "sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting *Estelle*, 429 U.S. at 103).

The Third Circuit has found "deliberate indifference" in instances where the prison official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*

*v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993)).

Plaintiff asserts that there is evidence of deliberate and knowing delays in providing medical treatment to him. Specifically, he asserts that there was unreasonable delay in getting him to a hospital when he suffered a ruptured appendix.

Magistrate Judge Smyser determined:

> It can not reasonably be found on the basis of the summary judgment evidence that there was a deliberately indifferent or a negligent delay on the part of any defendant or other federal employee in addressing the plaintiff's ruptured appendix when the outside hospital delayed invasive surgery for nine days, especially in light of the fact that the surgery then performed was exploratory and the fact that in the absence of the surgery the plaintiff's conditions had not been diagnosed by the Hospital's medical staff.

(Doc. 94, at 7-8.)  Upon review of the evidence, I agree with Magistrate Judge Smyser and find that the evidence demonstrates continuous and extensive treatment of Plaintiff's medical needs.  Defendants' motion for summary judgment will be granted with regard to Plaintiff's *Bivens* claims.

**3.     Remaining Claims**

Defendants' are also entitled to summary judgment with regard to Plaintiff's remaining claims.  As Magistrate Judge Smyser properly determined:

> There is not evidence, after the completion of discovery, . . .that demonstrates that the plaintiff can show to a reasonable fact finder by a preponderance of the evidence that there was deliberate indifference or negligence on the part of the institution's medical staff.

(Doc. 94, at 9.)  Therefore, I will grant Defendants' motion in its entirety.

6

**CONCLUSION**

Plaintiff's Objections to the Magistrate's Report and Recommendation will be overruled.  The Court will adopt the Report and Recommendation, and Defendants' Motion for Summary Judgment will be granted.

An appropriate Order follows.


 March 28, 2006                                        /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW KENNEDY, | |
| Plaintiff, | NO. 3:03-CV-1366 |
| v. | (JUDGE CAPUTO) |
| JAKE MENDEZ, M. V. PUGH, RONALD A. LAINO, and the UNITED STATES OF AMERICA, | |
| Defendants. | |

## ORDER

**NOW**, this ___28th___ day of March, 2006, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 94) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

a. Plaintiff's Objections to Report and Recommendation Dated May 04, 2005 (Doc. 95) are **OVERRULED**.

b. The Report and Recommendation (Doc. 94) is **ADOPTED**.

c. Defendants' Motion for Summary Judgment (Doc. 62) is **GRANTED**.

d. The Clerk of Court shall mark this case **CLOSED**.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge